**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 2:02-CR-38-RWS-SSC |
| WILLIAM EMMETT LECROY, JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| WILLIAM EMMETT LECROY, JR., | : | |
| | : | CIVIL ACTION NO. |
| | : | 2:08-CV-2277-RWS |
| Petitioner, | : | |
| | : | Prisoner Habeas Petition |
| v. | : | 28 U.S.C. § 2255 |
| | : | |
| UNITED STATES OF AMERICA, | | |
| | | |
| Respondent. | | |

**ORDER**

This case comes before the Court on Petitioner William LeCroy's Motion to Alter or Amend the Judgment [553]. After a review of the record, the Court enters the following order.

On March 30, 2012, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 but dismissed without prejudice Defendant's constitutional challenge regarding current BOP execution protocols. Dkt. No. [553]. Petitioner now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that the Court erred by not taking additional evidence regarding the Petitioner's childhood sexual-history. Dkt. No. [553] at 2.

Federal Rule of Civil Procedure 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." While the text of Rule 59(e) does not set forth specific grounds upon which relief may be granted, it has been interpreted to permit relief in four situations: (1) where the judgment was based on manifest errors of law or fact; (2) where reconsideration is warranted in light of newly discovered or previously unavailable evidence; (3) where the judgment would result in manifest injustice; or (4) where the judgment is called into question by an intervening change in controlling law. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed.) [hereinafter WRIGHT & MILLER]. A Rule 59(e)

2

motion may not be used, however, to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Finally, reconsideration of a judgment pursuant to Rule 59(e) is committed to the sound discretion of the district court, Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985), but it is "an extraordinary remedy which should be used sparingly." 11 WRIGHT & MILLER § 2810.1.

Petitioner argues that, consistent with his prior request, the Court should have taken additional evidence regarding his childhood sexual abuse. Dkt. No. [553] at 2; see also Petitioner's Traverse, Dkt. No. [511] at 13 (requesting that the Court allow Petitioner to present additional evidence regarding "bizarre sexual activities that were allowed or occurred involving the Defendant as a child"). However, the Court expressly dealt with this issue in its December 7, 2010 order. See Dkt. No. [540] (denying Petitioner's request for additional evidence regarding "bizarre sexual activities" which occurred in Petitioner's childhood). As Petitioner is attempting to relitigate an issue previously

3

considered, Petitioner's Motion [553] is an improper Rule 59 motion and is due to be denied.

However, even turning to the merits of Petitioner's request, the Court still finds that Petitioner's proffer and its related testimony is cumulative of evidence that was presented by Defense Expert Jan Vogelsang at trial. See TT, Dkt. No. [436] at 2531-32. Therefore, the Court finds that under Strickland v. Washington, 466 U.S. 668, 687 (1984), defense counsel's performance was not deficient as the jury was presented with evidence that LeCroy's childhood involved so-called "bizarre sexual activities." See Bobby v. Van Hook, ___ U.S. ___, 130 S. Ct. 13, 19 (2009) ("[D]efense counsel's 'decision not to seek more' mitigating evidence from the defendant's background 'than was already in hand' fell 'well within the range of professionally reasonable judgments.'"). As well, even if counsel should have presented the additional evidence, the Court still finds that their performance was not prejudicial as this cumulative evidence would not have affected the jury's decision. See Strickland, 466 U.S. at 695 ("[T]he question is whether there is a reasonable probability that, absent the errors, the sentencer–including the appellate court, to the extent it independently reweighs the evidence–would have concluded that the balance of

AO 72A
(Rev.8/82)

aggravating and mitigating circumstances did not warrant death."). Therefore,

Petitioner's motion [553] is **DENIED**.


       **SO ORDERED** this __6th__ day of August, 2012.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)