# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

UNITED STATES OF AMERICA    :

        : 

     v.                     :     CRIMINAL ACTION NO.

        :     2:02-CR-38-RWS-SSC

WILLIAM EMMETT LECROY,    :

JR.,                            :

            Defendant.       :

        :

---

WILLIAM EMMETT LECROY,    :

JR.,                            :

           Petitioner,       :     CIVIL ACTION NO.

        :     2:08-CV-00083-RWS

     v.                     :

        :     Prisoner Habeas Petition

UNITED STATES OF AMERICA,    :

        :

          Respondent.      :

## ORDER

This matter comes before the Court on Petitioner's Motion and

Memorandum for Certificate of Appealability [556]. After reviewing the record,

the Court enters the following order.

ATTEST: A TRUE COPY
CERTIFIED THIS

DEC 19 2012

James N. Hatten, Clerk
By:
Deputy Clerk

## Discussion

### I.    Legal Standard

Under 28 U.S.C. § 2253(c)(1)(B), an appeal may not be taken from a final order in a 28 U.S.C. § 2255 habeas corpus proceeding unless a certificate of appealability is issued.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that a jurist of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockerell, 537 U.S. 322, 323 (2003).  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." Id. at 325.  However, "[t]his inquiry does not require full consideration of the factual or legal bases supporting the claims." Id. at 323.  Upon issuing a certificate of appealability, the Court "shall indicate which specific issue or issues" satisfy the appealability standard.  28 U.S.C. § 2253(c)(3).

### II.    Petitioner's Motion

#### A.    Ineffective Assistance of Counsel

Petitioner asserts that several of his claims of ineffective assistance of

counsel satisfy the standard for appealability. (Petitioner's Motion and Memorandum for Certificate of Appealability ("Pet.'s Motion"), Dkt. [556] at 3-4.) The majority of Petitioner's claims deal with counsel's failure to present a viable mental health case, based in part on childhood sexual abuse, during the sentencing phase of the trial. (Id.) On Petitioner's § 2255 motion, this Court found that counsel's handling of these mental health issues was reasonable and therefore insufficient to establish a claim for ineffective assistance. (See Order, Dkt. [551] at 151-87.) However, for purposes of appealability and based on the arguments and authority cited by Petitioner in his motion, this Court finds that there are debatable issues surrounding counsel's investigation and presentation of a mental health case. (See Pet.'s Motion, Dkt. [556] at 3-10.) Therefore, those issues are **CERTIFIED** for appeal.

Petitioner also asserts that counsel was ineffective for failing to request an instruction "requiring the jury to find beyond a reasonable doubt that Petitioner should be sentenced to death only if each juror found beyond a reasonable doubt that all aggravating factors, both statutory and non-statutory, outweighed the mitigating factors presented by the defense." (Id. at 4.) This Court previously found that, based on the status of the law at the time of trial, counsel's failure to request this instruction was not deficient. (Order, Dkt. [551] at 161-66.) However, the Court recognized that there was little case law directly on point and since the

trial, the Sixth Circuit has created a circuit split on this issue.[1] (Id.) Therefore, the Court finds that this issue is debatable and is **CERTIFIED** for appeal.

Next, Petitioner claims that counsel was ineffective for failing to object to the Court's instructions regarding future dangerousness because of the "risk" of escape. (Pet.'s Motion, Dkt. [556] at 4, 11.) In its Order on Petitioner's § 2255 motion, the Court concluded "it [could] not find that a reasonable attorney would have objected to the charge." (Order, Dkt. [551] at 158.) Again, however, there is no direct controlling authority on this issue. Therefore, based on the reasons and authority outlined in Petitioner's motion, the Court finds this issue is debatable and should be **CERTIFIED** for appeal.

Finally, Petitioner claims that counsel was ineffective for failing to present juror-eligible statistics regarding the Hispanic population in the Gainesville Division. (Pet.'s Motion, Dkt. [556] at 4.) This Court found that "even if [Petitioner's] counsel had presented the citizenship-adjusted juror pool analysis . . . , there is not a 'reasonable probability that, but for counsel's unprofessional errors,

---

[1] The analysis in the Court's previous Order focused on whether Ring v. Arizona, 536 U.S. 584 (2002), and its progeny would apply to Federal Death Penalty Act balancing. At the time, the Court found only two federal cases that arguably dealt with the issue in dictum. The Court noted that in a 2006 case (after Petitioner's trial) from the Middle District of Georgia (United States v. Natson, 444 F. Supp. 2d 1296, 1304 (M.D. Ga. 2006)) Judge Land concluded that the Eleventh Circuit would not find the Federal Death Penalty Act's balancing process subject to Ring and its progeny. (See Order, Dkt. [551] at 161-65.)

the result of the proceeding would have been different.'" (Order, Dkt. [551] at 178 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984).)  The Court also found that even if it had considered Petitioner's comparative disparity analysis,[2] the results did not support a finding that Hispanics were underrepresented in the jury pool, particularly in light of the small percentage of Hispanics who meet the age and citizenship requirements to be jurors in this jurisdiction.  (Id. at 181-82.) Given the evidence and arguments presented by Petitioner and the state of the law in this Circuit, the Court does not find this issue debatable.  Therefore, it is not certifiable for appeal.

B.    Federal Death Penalty Act Constitutionality

Petitioner seeks a certificate of appealability on the issue of the Federal Death Penalty Act's, 18 U.S.C. § 3591, *et seq.*, constitutionality.  (Pet.'s Motion, Dkt. [556] at 14.)  However, Petitioner admits that the Eleventh Circuit has already rejected his argument that the Act is unconstitutional on its face and as applied because it does not require that the aggravating factors for the imposition of the death penalty or non-statutory aggravating factors be alleged in the indictment. (Id.)  Petitioner speculates that the issue "may someday sufficiently interest the

---

[2] The Court noted in its Order that the Eleventh Circuit "has consistently found that absolute disparity is the appropriate method of comparison in Sixth Amendment fair cross-section claims," not comparative disparity and standard deviations, the methods used by Petitioner.  (Order, Dkt. [551] at 180 (citing United States v. Carmichael, 560 F.3d 1270, 1280 (11th Cir. 2009).)

Supreme Court for it to grant certiorari." (Id.) The Court does not find Petitioner's argument sufficient to make this issue debatable. Therefore, the Court will not certify the issue for appeal.

### III. Issues Certified for Appeal

Having reviewed the record, the Court issues a Certificate of Appealability on the following issues:

*Ineffective Assistance - Mental Health Case*

(1)    Whether Petitioner's right to the effective assistance of counsel was violated when his trial counsel failed to adequately investigate and present a mental health case at sentencing;

(2)    Whether Petitioner's right to the effective assistance of counsel was violated when his trial counsel failed to proffer Petitioner's teaching expert's testimony, which would have allowed the district court to rule on the scope of the Government's rebuttal evidence and on whether the Government was entitled to evaluate Petitioner;

(3)    Whether Petitioner's right to the effective assistance of counsel was violated when his trial counsel failed to conduct and present an adequate and comprehensive mitigation investigation and present character witnesses who were properly prepared; and

(4)     Whether Petitioner's right to the effective assistance of counsel was violated when his trial counsel failed to make an effective penalty-phase closing argument regarding mitigation evidence actually presented.

*Ineffective Assistance - Instruction on Future Dangerousness*

(5)     Whether Petitioner's right to the effective assistance of counsel was violated when his trial counsel failed to object to the Court's instruction regarding claimed future dangerousness because of the "risk" of escape.

*Ineffective Assistance - Balancing of Factors Instruction*

(6)     Whether Petitioner's right to the effective assistance of counsel was violated when his trial counsel failed to request an instruction requiring that each juror, before imposing the death penalty, find beyond a reasonable doubt that all aggravating factors, both statutory and non-statutory, outweighed the mitigating factors presented by the defense.

**SO ORDERED** this  18th  day of December, 2012.


**RICHARD W. STORY**
United States District Judge