IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

WILLIAM EMMETT LECROY, JR.,   :
                       :
      Petitioner-Appellant  :
                       :
      v.                :     APPEAL NO. 12-15132-P
                       :
UNITED STATES OF AMERICA,   :
                       :
      Respondent-Appellee  :

CERTIFICATE OF INTERESTED PERSONS

AND CORPORATE DISCLOSURE STATEMENT

The United States submits that there are no corporate entities known to have an interest in the outcome of the instant appeal and the following list of persons are known to have an interest in the outcome of this appeal:

William Emmett LeCroy, Jr.

John R. Martin

William L. McKinnon, Jr.

Sandra Michaels

Larry Sommerfeld

Richard W. Story

The family of Joanne Teisler

United States of America

Sally Quillian Yates

C-1 of 1

IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

WILLIAM EMMETT LECROY, JR.,   :
                                :
       Petitioner-Appellant  :
                                :
       v.                  :      APPEAL NO. 12-15132-P
                                :
UNITED STATES OF AMERICA,     :
                                :
       Respondent-Appellee   :

GOVERNMENT'S UNOPPOSED MOTION FOR 20 DAY
EXTENSION OF TIME TO FILE APPELLEE'S BRIEF

Comes now the United States of America by and through counsel Sally Quillian Yates, United States Attorney, and William L. McKinnon, Jr., Assistant United States Attorney, and hereby moves for a 20 day extension of time in which to file Appellee's brief in the above referenced appeal.  This request for an extension of time is unopposed by the defendant.

(1)

The defendant was convicted of carjacking resulting in the death of the victim. The defendant was sentenced to death. His conviction and sentence were affirmed on direct appeal by this Court. See United States v. LeCroy, 441 F.3d 914 (11th Cir. 2006). The defendant now appeals the district court's denial of the defendant's Section 2255 motion to vacate his conviction and sentence.

(2)

The AUSAs who tried the case in 2004 are no longer with the United States Attorney's Office. The undersigned AUSA was assigned to represent the Government in the post-conviction proceedings prior to the time that defendant's motion was filed. Undersigned counsel prepared the Government's responses to defendant's section 2255 motion which were filed in the district court. Undersigned counsel also represented the United States at evidentiary hearings held by the district court on issues raised in defendant's motion. Although a second AUSA was assigned to assist undersigned counsel, that AUSA has been on an extended medical leave since before defendant's opening brief was filed.

(3)

Counsel for the defendant requested and received two extensions of time within which to file defendant's brief. The Government consented to both extensions.

(4)

At the time defendant's opening brief was filed, undersigned counsel was preparing for two trials, one scheduled to begin on April 9, and the second scheduled to begin on April 15. Due to pre-trial preparation in those cases and because counsel was attending to other matters pending in the district court in other cases, counsel was unable to begin work on the Government's brief in a timely fashion after defendant's brief was filed. Eventually, both trials were continued, however, since the

continuances were granted counsel has had insufficient time to complete the Government's brief.

(5)

It was undersigned counsel's intention to seek only a 7 day extension which counsel believed could be granted by the clerk without a motion submitted to the Court. However, when counsel contacted the clerk to request the 7 day extension, counsel was told that because this is a death penalty appeal, only the Court can grant an extension of time.

(6)

When counsel called defendant's lead attorney to ask his position on the Government's request for a 7 day extension, defendant's attorney advised that both he and his co-counsel are preparing to try a death penalty case in the District of Puerto Rico, and that they would need to request an extension of time to file the defendant's reply brief. Therefore, counsel for the defendant encouraged the Government to seek more than a 7 day extension in order that counsel would have additional time after his work in Puerto Rico is concluded to prepare the defendant's reply brief.

WHEREFORE, the United States respectfully moves for a 20 day extension of time in which to file Appellee's brief.

Respectfully submitted,

Sally Quillian Yates
United States Attorney

/s/ William L. McKinnon, Jr.
William L. McKinnon, Jr.
Assistant U. S. Attorney
Georgia Bar No. 495812

600 Richard Russell Bldg.
75 Spring Street
Atlanta, Ga 30335
(404) 581-6046

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing document by electronically filing it with the Clerk of Court using the Court's electronic filing system which will automatically send notification via email to all counsel of record.

This <u>12th</u> day of April 2013.

<u>/s/ William L. McKinnon, Jr.</u>
WILLIAM L. MCKINNON, JR.
ASSISTANT UNITED STATES ATTORNEY